UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-10475 |
| | : | CHAPTER 7 |
| SPECIALTY RETAIL VENTURES, INC., | : | DOCUMENT NOS. 273, 295 AND 296 |
| DEBTOR | : | |

## MEMORANDUM

Before the Court is the Trustee's Proposed Final Distribution and Applications for Compensation both as Trustee and as Attorney Pro Se and the objection thereto by Robert A. O'Conner, LLC ("RAO").

The major issue is the commission claimed by the Trustee from the sale of a certain Warehouse Property. We find that the Order entered in this case on February 9, 2005 limits the right of the Trustee to fees and/or commissions involving the sale of the Warehouse Property. It provides in pertinent part:

> 4. At the closing of any sale of the Warehouse Property, the real estate agent retained by the SRV Trustee shall be paid for his commission in full.
>
> 5. At the closing of any sale of the Warehouse Property, the SRV Trustee shall be entitled to be paid for all reasonable expenses incurred in filing and presenting a Motion for Sale with this Court seeking approval of the sale of the Warehouse Property in accordance with the terms of this Order which fees and expenses shall be subject to approval by this Court after notice and an opportunity to object having been given to the Bank and RAO and which shall not exceed $2,000.00.
>
> 6. All other costs and expenses to be paid from the sale of the Warehouse Property by the SRV Trustee (the "Net Sale Proceeds") shall be subject to the prior approval of this Court after notice and an opportunity to object having been given to the Bank and RAO.
>
> 7. Other than the fees and expenses as described in paragraphs 4, 5, and 6 above, neither the SRV Trustee nor any of his agents, employees, attorneys or representative

>   shall be entitled to any fee, cost or expense reimbursement or commission from the sale or other disposition of the Warehouse Property unless and until a Final Order (as hereinafter defined) has been entered finding that the Bank does not have a valid, enforceable interest or lien in the Warehouse Property . . ..

There was never an Order entered finding "that the Bank does not have a valid, enforceable interest or lien in the Warehouse Property."

In the Application for Fees and Expenses as Attorney at Document No. 273, the Trustee seeks $2,077.50 for fees related to the sale. In accordance with the Order of February 9, 2005, the allowed amount of the fee request will be reduced by $77.50.

Elimination of the proceeds from the sale of the Warehouse Property from the Application for Trustee's Compensation and Expenses filed at Document No. 295 and adding back in the $130,000.00 settlement amount results in total disbursements of $261,252.40 and the following calculation to arrive at the maximum amount of the total compensation available to the Trustee:

|  |  |  |
|---|---|---|
| 25% on 1st $5,000 | = | $1,250.00 |
| 10% on next $45,000 | = | $4,500.00 |
| 5% on next $211,252.40 | = | $10,562.62 |
|  | Total | $16,312.62 |

We find that $16,312.62 is a reasonable fee for the Trustee's activities in the case.

An appropriate Order will be entered.

Dated: October 10, 2007

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge

2

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-10475 |
| | : | CHAPTER 7 |
| SPECIALTY RETAIL VENTURES, INC., | : | DOCUMENT NOS. 273, 295 AND 296 |
| DEBTOR | : | |

## ORDER

This 10th day of October, 2007, in accordance with the accompanying Memorandum, it shall be and hereby is, ORDERED as follows:

1. Richard W. Roeder, Esq. is awarded $4,866.50 for compensation as attorney pro se.

2. Richard W. Roeder, Esq. is awarded $16,312.62 for compensation as Trustee plus reimbursement of expenses in the amount of $2,745.69.

3. Richard W. Roeder, Esq. shall, within 10 days, provide a revised Proposed Distribution and Order of Distribution which incorporates the above amounts.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge